UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INSERRA SUPERMARKETS, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> **THE STOP & SHOP SUPERMARKET CO., LLC, ABC CORPORATIONS 1-10, AND JOHN DOES 1-10** <br><br> Defendants. | Docket No.: 16-cv-01697 <br><br><br> **OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Inserra Supermarkets, Inc. ("Inserra") brings eight federal and state antitrust and tort claims against The Stop & Shop ("S&S" or "Defendant"). The Complaint alleges that Defendant filed "sham" administrative objections and lawsuits in order to prevent Inserra from opening a Shop-Rite supermarket in the town of Wyckoff, New Jersey. On February 28, 2017, the Court denied Defendant's motion to dismiss. Defendant now moves the Court under Federal Rule of Civil Procedure 28 U.S.C. §1291(b) to certify the Order for interlocutory appellate review and stay proceedings pending appeal. For the reasons below, the motion is **DENIED**.

I. **BACKGROUND**

A. **Defendant's Alleged Pattern of Sham Petitioning at State Level**

In 2009, Inserra leased 7.4 acres of land ("the Property") in Wyckoff, New Jersey, intending to open a full-service Shop-Rite supermarket.[1] First Amended Complaint ("FAC.") ¶¶ 40, 45. The Property is located adjacent to Defendant Shop & Stop, which Inserra alleges is the only full-service supermarket in Wyckoff. *Id.* at ¶ 243. Inserra applied for land-use approval with the Wyckoff Planning Board in September 2009, and later with the Bergen County Planning Board in June 2011. *Id* at ¶ 65.

Defendant allegedly abused the approval process by filing dozens of "obstructionist, anti-competitive [objections]," resulting in "39 hearings over nearly three years." *Id.* at ¶¶

---

[1] The Court's February 28, 2017, Opinion contains a more detailed review of the allegations.

79, 214.[2] Inserra alleges that Defendant acted in concert with Munico, LLC, landlord of Defendant's Wyckoff property and Defendant's collaborator on other existing and prospective projects. *Id.* at ¶ 71.[3] The Wyckoff Board finally approved Inserra's application on February 13, 2013, and the County Board's approval followed on April 8, 2014. *Id.* at ¶ 113. Defendant appealed the County's decision to Board of Chosen Freeholders ("Freeholders"), which affirmed the approval after *de novo* review in August 2014.

As administrative proceedings dragged on, Defendant Shop & Stop and Munico initiated judicial proceedings against Inserra in state court. On April 1, 2013, Defendant and Munico filed separate complaints in New Jersey Superior Court challenging the Wyckoff Board's approval of Inserra's application. FAC ¶ 131.[4] Defendant filed a similar action challenging the County Board's approval in October 2014. Additionally, in August 2014, Defendant sued Bergan County under New Jersey's Open Public Records Act ("OPRA"), alleging that documents regarding Inserra's application had been withheld improperly. *Id.* at ¶ 158. All state actions have been decided in favor of Inserra or withdrawn.[5]

### B. Procedural History Before This Court

Inserra filed this action on March 28, 2016, alleging that Defendant executed a "corporate policy of filing anticompetitive sham petitions . . . [which were] more interested in delay[ing] than in redressing any particular grievances." FAC ¶ 16. Count I alleges that Defendant conspired with Munico to restrain trade in violation of Section 1 of the Sherman Act. 15 U.S.C. § 1. Count II alleges that Defendant violated Section 2 of the Sherman Act, 15 U.S.C. § 2, by monopolizing or attempting to monopolize the market for full-service supermarkets in the Greater Wyckoff Area. FAC ¶ 259. Counts III and IV state claims under corresponding provisions of the New Jersey Antitrust Act. N.J.S.A. 56:9-3; 56:9-4.

---

[2] By comparison, Plaintiff notes that proceedings for Defendant's land-use application on an adjacent plot required only two hearings. FAC ¶ 64.

[3] Munico was initially a defendant in this action. On May 6, 2016, Inserra and Munico entered a stipulation of dismissal with prejudice, as the matter had been resolved out of court. ECF No. 6.

[4] Both actions were filed as "complaints in lieu of prerogative writs," New Jersey's procedural mechanism for challenging governmental or quasi-governmental decision. *See* N.J.S.A. Const. Art. 6, § 5, ¶ 4; *Willoughby v. Planning Bd. Of Tp. Of Deptford*, 703 A.2d 668, 671 (N.J. App. Div. 1997).

[5] On August 18, 2016, the Appellate Division affirmed the decision upholding the Wyckoff Board's grant of approval, and Munico withdrew its analogous appeal. A state appeals court affirmed the denial of Defendant's OPRA request on account that Defendant "already obtained the records before it filed its declaratory judgment action," rendering it moot. *Stop & Shop Supermarket Co., LLC. v. County of Bergen, et al.*, Docket Nos. A-2134-14T1, A-4630-14T1 (N.J. Sup. Ct. App. Div., June 14, 2017).

Counts V-VIII allege tortious interference by contract, interference with prospective economic advantage, civil conspiracy, and malicious use of process.

On February 28, 2017, the Court denied Defendant's motion to dismiss the FAC for failure to state a claim. ECF No. 36. On March 24, 2017, Defendant moved to certify the order for immediate appellate appeal under 28 U.S.C. § 1292(b). The Court subsequently adjourned the motion date to May 15, 2017 in response to a joint request by the parties. Letter from Arthur N. Chagaris, ECF No. 48. A Declaration of John J. Lamb, attorney for Inserra, has informed the Court that all state cases have been resolved on appeal in favor of Inserra. ECF No. 51.

## II. **LEGAL STANDARD**

District courts have discretion to certify an interlocutory order for immediate appeal. 28 U.S.C. § 1292(b). *See In re Cendant Corp. Secs. Litig.*, 166 F. Supp. 2d 1, 13 (D.N.J. 2001). Because immediate appeal marks a "deviation from the ordinary policy of avoiding 'piecemeal appellate review of trial court decisions,'" certification is "used sparingly." *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (citations omitted). The Court considers three criteria:[6] "[t]he order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) if appealed immediately 'materially advance the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974) (quoting 28 U.S.C. § 1292(b)). The purpose of § 1292(b) is "to permit decision of legal issues as to which there is considerable question without requiring the parties first to participate in a trial that may be unnecessary." *Meyers v. Heffernan*, 2014 WL 7336792, at *3 (D.N.J. Dec. 22, 2014). Accordingly, "saving of time of the district court and of expense to the litigants" bears significantly on a court's decision to grant certification under § 1292(b). *Katz*, 496 F.2d at 755.

## III. **DISCUSSION**

Defendant seeks immediate appellate review of two issues: first, whether the "continuing violation" exception to the four-year limitations provision applies to a series of "sham petitions" that began prior to the limitations period but extended into the limitations period; and second, whether the Defendant's petitions before local administrative agencies and administrative tribunals constitute a "series" of petitions such that Defendants are not entitled to First Amendment protections under *Noerr-Pennington*. Neither issue is appropriate for review under § 1292.

### A. **"Continuing violation" Exception to the Statute of Limitations**

---

[6] "[E]ven if all three criteria under Section 1292(b) are met, the district court may still deny certification, as the decision is entirely within the district court's discretion." *Wyndham*, 10 F. Supp. 3d 601, 633 (D.N.J. 2014) (citations omitted).

Defendant seeks review of "whether the 'continuing violation' exception to the statute of limitations can apply to save in its entirety an antitrust claim based on 'sham petitioning' where a substantial portion of the alleged petition occurred outside the four-year limitations period." Defs. Br. 8. This is a "controlling question of law," because if the exception does not apply then Plaintiff's antitrust claims would be barred in whole or in part by the four-year statute of limitations under 15 U.S.C. § 15b.

Although the Third Circuit has not specifically applied the continuing violation doctrine to sham petitioning, there is "no substantial . . . genuine doubt or conflicting precedent as to the correct legal standard." *Kapossy,* 942 F. Supp. At 1001. "In the context of a continuing conspiracy to violate the antitrust laws . . . each time a plaintiff is injured by an act of the defendants a cause of action accrues to [it] to recover the damages caused by that act and . . . as to those damages, the statute of limitations runs from the commission of the act." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321 (1971)). Defendants make no coherent argument as to why the continuing violation exception should not apply to antitrust claims predicated on sham petitioning. "[F]irst impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." *In re* Flor, 79 F.2d 281, 284 (2d Cir. 1996); *Max Daetwyler Corp. v. Meyer* 575 F. Supp. 280, 284 (E.D. Pa. 1983). It "should not be granted merely because a party disagrees with the rulings of the district judge, but instead there must be genuine doubt about the correct legal standard." *Shevlin v. Phoenix Life Ins. Co.*, 2015 WL 348552, at *5 (D.N.J. Jan. 23, 2015) (quotations omitted). Review of this issue will not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

## B. Application of *Noerr-Pennington* Immunity

Defendant argues that the Court applied the incorrect standard to determine whether the petitioning conduct was protected by the First Amendment pursuant to the *Noerr-Pennington* doctrine. As discussed in the Court's prior opinion, there are two separate applications of *Noerr-Pennington*, depending on whether the alleged sham is a single petition or a "series" of petitions. *Hanover 3201 Realty, LLC v. Village Supermarkets, Inc.*, 806 F.3d 162, 180 (2015). Pursuant to *Professional Real Estate Investors, Inc. v. Columbia Pictures* Industries., 508 U.S. 49 (1993) (*PRE*), a single lawsuit is shielded by the First Amendment unless it is "objectively baseless," regardless of the petitioning party's subjective intent. In contrast, "when a party alleges a *series* of legal proceedings . . . the sham litigation standard from *California Motor* should govern." *Hanover*, 806 F.3d at 180 (emphasis added). This inquiry asks whether a series of petitions was filed with or without regard to merit and for the purpose of using the governmental process (as opposed to the outcome of that process) to harm a market rival and restrain trade. *Id. See Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). In its opinion denying Defendant's motion to dismiss, this Court thoroughly reviewed the record and construed Defendant's conduct to plausibly comprise a "series" of petitions rather than one single

4

litigation; the Court therefore applied the "holistic review" under *California Motor*, and found that dismissal under 12(b)(6) would be premature.

The Court's decision to apply *California Motor* instead of *PRE* is not a "controlling question of law" because the Court likely would have reached the same outcome under *PRE*: that Defendant's alleged conduct is not shielded by *Noerr-Pennington*.[7] There is also no "substantial ground for difference of opinion" as to which standard applies; Defendant clearly launched a "series" of freestanding legal attacks against Inserra, not just one lawsuit.[8] Further, appellate review of this matter would require that the Court of Appeals assess a complex factual record to determine whether Defendant's various legal actions comprised a "series" of sham petitions. That type of inquiry is not appropriate for interlocutory review under § 1292. *See Kapossy*, 942 F. Supp. 996, 1002 (D.N.J. 1996) (Section 1292(b) "was never intended to put before the court of appeals 'legal' question[s], in which the exercise of the district court's discretion is necessarily intertwined with its understanding of the facts of the case, before the factual record has been fully developed by the district court.") Rather than "materially advance the ultimate termination of litigation," immediate appellate review would further delay a dispute that has already dragged on for years. Efficient and decisive use of judicial resources is in order.

---

[7] Plaintiff alleges several petitions that were "objectively baseless," thereby satisfying the PRE standard. 508 U.S. at 51. Specifically, Defendant argued that zoning for "retail food stores" did not include use of the property for "supermarkets." Yet, "in the plain and common usage of the term, a supermarket is clearly a retail food store, and supermarkets were permitted on the subject property in the past." *Munico Assoc., L.P. v. Inserra Supermarkets, Inc.*, Sup. Ct. N.J. App. Div. No. A-0701-14T1 (Aug. 18, 2016). An additional argument—that Boulder Run must be considered a residential zone—was supported by "nothing in the Wyckoff Zoning Ordinance," nor by "any case law or text book." Decl. D. Steinhagen, Ex. G at 12.

[8] Defendant argued that its OPRA litigation against Bergen County did not belong to a "series" of sham litigations because Inserra was not a party to the OPRA suit. In its decision on Defendant's 12(b)(6) motion this Court disagreed, and held that the OPRA suit was "clearly related to Inserra's land-use application." ECF No. 36, n. 5 at 7. Indeed, Defendant has since admitted on appeal before the Superior Court, Appellate Division that "'a declaration in this lawsuit that the documents should have been turned over earlier could affect' its appeal of the Board of Freeholders' approval of Inserra's site plan application, as Stop & Shop plans to argue 'the County's indefensible delay in producing the documents deprived it of a fair hearing and due process of law.'" *Stop & Shop Supermarket Co., LLC. v. County of Bergen, et al.*, Docket Nos. A-2134-14T1, A-4630-14T1 (N.J. Sup. Ct. App. Div., June 14, 2017).

## IV. CONCLUSION

For the reasons foregoing, Defendant's motion for certification pursuant to 28 U.S.C. § 1292(b) is **DENIED**.

**July 27, 2017**

                                            /s/ William J. Martini
                                     **WILLIAM J. MARTINI, U.S.D.J.**